UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATRICK K. SPURLOCK,<br><br>                Petitioner,<br><br>    v.<br><br>LT. G. HOLLATZ, *et al*,<br><br>                Respondents. | Case No.  C05-5392RBL<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>Noted for September 2, 2005 |

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Petitioner is an inmate at the Washington Correction Center.  He has filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 and a motion for leave to proceed *in forma pauperis*. (Dkt. #1).  Because petitioner has failed to respond to the court's order to show cause, the undersigned recommends the court deny the motion.

DISCUSSION

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  However, the court has broad discretion in denying an application to proceed *in forma pauperis*.  Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a

REPORT AND RECOMMENDATION
Page - 1

prisoner is able to pay the initial expenses required to commence a lawsuit.  *See* <u>Temple v. Ellerthorpe</u>, 586 F.Supp. 848 (D.R.I. 1984); <u>Braden v. Estelle</u>, 428 F.Supp. 595 (S.D.Tex. 1977); <u>U.S. ex rel. Irons v. Com. of Pa.</u>, 407 F.Supp. 746 (M.D.Pa. 1976); <u>Shimabuku v. Britton</u>, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); <u>Ward v. Werner</u>, 61 F.R.D. 639 (M.D.Pa. 1974).

On June 6, 2005, the clerk received petitioner's complaint and a declaration and motion to proceed *in forma pauperis*. (Dkt. #1).  Pursuant to 28 U.S.C. § 1915(a)(2):

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Petitioner thus was required to submit a statement showing the balance and activity of his account for the six-month period immediately preceding the filing of his complaint.  However, petitioner did not submit a copy of his account statement with his motion.

In addition, Local Rule CR 3(b) provides in relevant part:

> At the time application is made under 28 U.S.C. § 1915 or other applicable acts of Congress, for leave to commence any civil action or to file any petition or motion without being required to prepay fees and costs or give security for them, each petitioner, movant or petitioner shall:
> (1) Complete the in forma pauperis affidavit approved for use in this district; and
> (2) File a written consent that the recovery, if any, in the action, to such amount as the court may direct, shall be paid to the clerk who may pay therefrom all unpaid fees and costs taxed against the petitioner, and to his attorney the amount which the court allows or approves as compensation for the attorney's services.

Again, however, petitioner did not submit the *in forma pauperis* application approved for use in this district, nor did he submit the written consent required by Local Rule CR 3(b)(2).

Finally, pursuant to 28 U.S.C. § 1915(b), a prisoner seeking to proceed *in forma pauperis* also is required to submit with his application a written acknowledgment and authorization, authorizing the agency having custody over him to collect from his prison trust account an initial partial filing fee and subsequent monthly payments until the full filing fee is paid.  Although petitioner had included language similar to that used in the court-approved acknowledgment and authorization form in his declaration and application to proceed *in forma pauperis*, petitioner was required to submit such acknowledgment and authorization separately on the court-approved form.

On June 14, 2005, the court issued an order to show cause, directing petitioner to cure the above

REPORT AND RECOMMENDATION
Page - 2

deficiencies in his motion by no later than July 14, 2005. (Dkt. #4).  To date, however, petitioner has not done so.

## CONCLUSION

Because petitioner has failed to respond to the court's order to show cause regarding his deficient motion for leave to proceed *in forma pauperis*, the undersigned recommends the court deny that motion. Accordingly, the undersigned also recommends the court dismiss petitioner's petition, unless he pays the required $5 .00 filing fee **within thirty (30) days** of the court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **September 2, 2005**, as noted in the caption.

Dated this 8th day of August, 2005.

Karen L. Strombom
United States Magistrate Judge